**SHAO LING LIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4936–ag.**

United States Court of Appeals, Second Circuit.

May 14, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Shao Ling Lian, a native and citizen of the People's Republic of China, seeks review of an October 16, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Shao Ling Lian,* No. A76 525 946 (B.I.A. Oct. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). In conducting our review, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir. 2006).

■ We conclude that the BIA did not abuse its discretion in denying Lian's motion to reopen inasmuch as it properly found that she had failed to establish changed circumstances sufficient to excuse the untimeliness of her motion. The Immigration and Nationality Act ("INA") provides that the ninety-day filing deadline for motions to reopen does not apply when

the motion is for the purpose of applying for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." INA § 240(c)(7)(C)(ii) (codified at 8 U.S.C. § 1229a(c)(7)(C)(ii)). Our review of the BIA's conclusions with respect to evidence of country conditions in China is highly deferential. "[D]eference is owed to the specialized knowledge of an IJ acting in his agency capacity." *Hoxhallari v. Gonzales,* 468 F.3d 179, 186–87 (2d Cir. 2006).

It is well-settled that the birth of children in this country is not evidence of changed country conditions in China. *See Jian Huan Guan v. B.I.A.,* 345 F.3d 47, 49 (2d Cir.2003); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir. 2006). While Lian asserts that the BIA abused its discretion because it failed to consider evidence of changed country conditions in China, that argument is unavailing, inasmuch as the BIA addressed the documents that she submitted and found that they failed to establish a material change in the family planning policy in Fujian Province sufficient to warrant reopening.

Lian submitted various allegedly official Chinese government documents, as well as recent country reports and affidavits. The BIA did not abuse its discretion, however, in concluding that she failed to provide sufficient evidence to support her allegation that conditions in China have materially changed. We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Wei Guang Wang,* 437 F.3d at 275.

█ We further conclude that the BIA did not abuse its discretion in concluding that Lian failed to establish *prima facie* eligibility for relief. That finding was based on its conclusion that Lian had not provided sufficient evidence that the birth of her U.S. citizen children violated the family planning policy in her area of residence in China, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Finally, we note that the Argument section of Lian's brief was largely devoid of citations to the evidence of record as required by Fed. R.App. P. 28(a)(9)(A) (noting that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" (emphasis added)). We are not required to search the record for evidence that could support Lian's arguments. *See Hoxhallari v. Gonzales,* 468 F.3d at 186; see also *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

█ Because Lian has not challenged the BIA's rejection of her successive asylum application, that claim is forfeited. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal with respect to this petition is DISMISSED as moot.